Filed 9/16/25  P. v. Pressley CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br>v.<br>ERIC PRESSLEY,<br>    Defendant and Appellant. | A171556<br><br>(City & County of San Francisco<br>Super. Ct. No. CRI-22010387) |

This is an appeal from a trial court order denying the motion of defendant Eric Pressley to suppress evidence of a firearm found on the floor of his vehicle during a traffic stop.  (Pen. Code, § 1538.5, subd. (m).)[1] Following this ruling, as well as the subsequent denial of his related motion to set aside the information, defendant admitted one felony count in exchange for dismissal of the second count, two years of probation, and credit for time served in county jail.  Defendant seeks reversal of the judgment and a remand to the trial court with instructions to vacate his plea and grant his motion to suppress based on the illegality of the search and seizure that led to his arrest.  We affirm.

---

[1] Unless otherwise specified, all statutory citations herein are to the Penal Code.

1

## FACTUAL AND PROCEDURAL BACKGROUND[2]

On September 13, 2022, defendant was charged by complaint with three felonies: being a felon in possession of a firearm (§ 29800, subd. (a)(1); count I); possessing a loaded firearm within a vehicle (§ 25850, subd. (a); count II); and being a convicted person having possession of a concealed firearm in a vehicle (§ 25400, subd. (a)(1); count III). It was further alleged as to all counts that defendant had sustained eight prior qualifying felonies (§§ 25400, subd. (c)(1), 25850, (c)(1)).

On December 30, 2022, a preliminary hearing was held, at which defendant made a motion to suppress evidence. His motion was heard at a continued hearing on January 20, 2023. Afterward, the trial court denied the motion, held defendant to answer on counts I and III, and dismissed count II.

On January 25, 2023, the district attorney filed an information charging defendant with the two remaining counts and the attendant enhancement allegations. Defendant entered a plea of not guilty on both counts.

On February 16, 2023, defendant moved to set aside the information under section 995 on the grounds that the officers lacked reasonable suspicion to detain him. On March 3, 2023, the court denied the motion.

On September 6, 2024, defendant entered into a negotiated plea pursuant to which he pleaded guilty to count I (§ 29800, subd. (a)(1)) in exchange for dismissal of count II and an agreement that the court would suspend sentencing and place him on felony probation for two years.

On September 30, 2024, defendant was sentenced pursuant to the negotiated plea agreement and given credit for time served on the county jail

---

[2] A more detailed recitation of the relevant factual record is set forth *post* in part II of the discussion.

component of his probation. Payment of all fines and fees was also suspended. Defendant timely appealed.

## DISCUSSION

Defendant challenges the trial court's denial of his motion to suppress evidence of the firearm found in the back seat of his vehicle on Fourth Amendment grounds. Defendant contends the officers were not authorized to detain him based merely on his vehicle's missing license plates because: (1) the vehicle was parked in a private commercial lot and (2) he was in the back seat and was not driving. Defendant further contends in an ancillary argument that there was no attenuation between his unlawful detention and the discovery of the firearm.

## I.    *Legal Framework.*

The Fourth Amendment of the United States Constitution protects against unreasonable searches and seizures. (U.S. Const., art. IV.) As such, a defendant may move to suppress evidence on the grounds that "[t]he search or seizure without a warrant was unreasonable." (§ 1538.5, subd. (a)(1)(A).) Moreover, if the defendant is unsuccessful at the preliminary hearing, he or she may raise the search and seizure issue again before the superior court under section 995. (*People v. Magee* (2011) 194 Cal.App.4th 178, 182 (*Magee*).)

A seizure occurs for purposes of the Fourth Amendment when an officer, "by means of physical force or show of authority," restricts a person's liberty. (*Terry v. Ohio* (1968) 392 U.S. 1, 19, fn. 16 [20 L.Ed.2d 889].) In assessing the reasonableness of a seizure by an officer for investigatory purposes, the following standard applies: "[T]he temporary detention of a person for the purpose of investigating possible criminal activity may, because it is less intrusive than an arrest, be based on 'some objective

3

manifestation' that criminal activity is afoot and that the person to be stopped is engaged in that activity. (*United States v. Cortez* (1981) 449 U.S. 411, 417 & fn. 2 [66 L.Ed.2d 621, 628, 101 S.Ct. 690]; see also *In re Tony C.* (1978) 21 Cal.3d 888, 893 [citations] [in which this court articulated a two-part test: (1) that some activity relating to crime has taken place, is occurring, or is about to occur; and (2) that the person to be detained is involved in that activity].)" (*People v. Souza* (1994) 9 Cal.4th 224, 230.) "A detention is reasonable under the Fourth Amendment when the detaining officer can point to specific articulable facts that, considered in light of the totality of the circumstances, provide some objective manifestation that the person detained may be involved in criminal activity." (*Souza, supra*, at p. 231.)[3]

Relevant here, " '[o]rdinary traffic stops are treated as investigatory detentions for which the officer must be able to articulate specific facts justifying the suspicion that a crime is being committed.' [Citation.] The motivations of the officer are irrelevant to the reasonableness of a traffic stop under the Fourth Amendment. [Citation.] 'All that is required is that, on an objective basis, the stop "not be unreasonable under the circumstances." ' " (*People v. Suff* (2014) 58 Cal.4th 1013, 1054 (*Suff*).)

" 'In reviewing a trial court's ruling on a motion to suppress evidence, we defer to that court's factual findings, express or implied, if they are supported by substantial evidence. [Citation.] We exercise our independent

---

[3] A " 'reasonable suspicion' " to detain requires a lesser showing than "probable cause" to arrest. Not only can " 'reasonable suspicion . . . be established with information that is different in quantity or content than that required to establish probable cause, but also . . . reasonable suspicion can arise from information that is less reliable than that required to show probable cause.' " (*People v. Souza, supra*, 9 Cal.4th at pp. 230–231, quoting *Alabama v. White* (1990) 496 U.S. 325, 330 [110 L.Ed.2d 301].)

judgment in determining whether, on the facts presented, the search or seizure was reasonable under the Fourth Amendment.' " (*People v. Silveria and Travis* (2020) 10 Cal.5th 195, 232; accord, *Magee, supra*, 194 Cal.App.4th at p. 183 [applying the same standard of review to a ruling on a § 995 motion].)  We affirm if the ruling is correct even if the court's reasoning is flawed.  (*People v. Session* (2023) 93 Cal.App.5th 723, 730–731.)

## II. *Factual Record.*

The following facts are not in dispute.[4]  On September 8, 2022, just before midnight, San Francisco Police Officer Shih was driving a marked patrol vehicle in a high-crime area known for stolen vehicles, robberies, and firearms.  Officer Shih noticed a silver 2008 Mercedes four-door sedan with no license plates parked in a hotel parking lot.  He effected a traffic stop by turning on his forward-facing red lamps.  Before Officer Shih could exit his patrol car, defendant got out of the Mercedes's backseat.  Officer Shih advised defendant that he was conducting a traffic stop due to his vehicle's missing license plates and requested his driver's license and vehicle registration.  Defendant complied, reaching into the back seat and retrieving the information.

Officer Gonzalez arrived with other backup officers shortly thereafter.  He approached the passenger side of the Mercedes.  Officer Gonzalez noticed a woman sitting in the back seat, behind the driver's seat.  Using a flashlight, he then noticed a firearm on top of an open black tote bag on the floorboard of the back seat, behind the passenger's seat.  Officer Gonzalez immediately alerted Officer Shih to the gun's presence.

---

[4] These facts come from the testimony of San Francisco Police Officers Shih and Gonzalez at the combined preliminary hearing/suppression motion hearing.

Officer Shih and another officer handcuffed defendant and the woman seated in the back seat of the Mercedes. Officer Shih also conducted a computer check on defendant. This computer check revealed that defendant was on probation and had an outstanding arrest warrant. A subsequent search of the Mercedes, which was registered to defendant, led to the seizure of narcotics paraphernalia.

Officer Shih interviewed the woman who was with defendant in the Mercedes. She told him that when the traffic stop occurred, she was sitting in the back seat of the Mercedes with defendant, who took a handgun from his waistline and placed it in her tote bag.

When defendant was subsequently interviewed, he confirmed the woman's statement.

## III. *Analysis.*

This record reflects that Officer Shih effected a traffic stop of defendant's Mercedes because the vehicle had no license plates in violation of the Vehicle Code. Specifically, Vehicle Code section 5200 provides: "When two license plates are issued by the department for use upon a vehicle, they shall be attached to the vehicle for which they were issued, one in the front and the other in the rear." (Veh. Code, § 5200, subd. (a).) Vehicle Code section 5202, in turn, provides, in relevant part: "[A] person shall not operate, and an owner shall not knowingly permit to be operated, upon any highway, a vehicle unless the license plate is so attached." (Veh. Code, § 5202, subd. (a).) Based on these provisions and in light of the Mercedes's missing plates, the officer's action was reasonable.

The "lack of a front license plate has long been recognized as a legitimate basis for a traffic stop." (*People v. Saunders* (2006) 38 Cal.4th 1129, 1136 (*Saunders*).) "Absence of license plates provides reasonable

suspicion that the driver is violating the law." (*People v. Dotson* (2009) 179 Cal.App.4th 1045, 1052.)  "Unless there are other circumstances that dispel that suspicion, that resolve any ambiguities in the legal status of the vehicle's conformance with applicable laws, the officer may stop the vehicle and investigate without violating the driver's Fourth Amendment rights."  (*Ibid.*)

Notwithstanding this authority, defendant insists "the present circumstances do not support a reasonable suspicion that [he] was in violation of section 5200 . . . ."  He relies on the facts that the Mercedes was parked in a private commercial lot, he was not driving and could have simply lived at the hotel, and there was no evidence that he had recently driven the vehicle or would be doing so soon.

Defendant's argument is misplaced.  "The question . . . is not whether [defendant's] vehicle was in fact in full compliance with the law at the time of the stop, but whether [the officer] had ' "articulable suspicion' " it was not. ([Citation]; see generally *Illinois v. Rodriguez* (1990) 497 U.S. 177, 184 [111 L.Ed.2d 148, 110 S.Ct. 2793 [' "reasonableness," with respect to this necessary element, does not demand that the government be factually correct in its assessment']).  The possibility of an innocent explanation for a missing front license plate does not preclude an officer from effecting a stop to investigate the ambiguity." (*Saunders, supra,* 38 Cal.4th at pp. 1136–1137.) Officer Shih was thus entitled to effect the traffic stop to investigate whether the Mercedes was being operated without the requisite license plates regardless of whether defendant had any actual intent to drive the vehicle off the lot.[5]

---

[5] As mentioned, defendant notes the lack of any evidence that his vehicle was warm.  However, as the People aptly note, Officer Shih would also have had to detain defendant to determine whether his vehicle was warm or whether he lived at the hotel and was not driving without plates.

Moreover, the fact that defendant's vehicle was parked in a private hotel parking lot does not render the traffic stop unreasonable. "[T]he Fourth Amendment protects people, not places. What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection." (*Katz v. United States* (1967) 389 U.S. 347, 351 [19 L.Ed.2d 576] (*Katz*).) Accordingly, "what is observable by the general public at a commercial establishment is also observable by police officers without a warrant. [As such, the officers'] search is not unreasonable even if the officers enter the premises purely for an investigative purpose [and not] for the purpose for which the general public enters. (See 1 LaFave, Search and Seizure (1978) § 2.4(b) and cases cited therein.)" (*People v. Doty* (1985) 165 Cal.App.3d 1060, 1066 (*Doty*).)

As the People note, photographic evidence admitted at the preliminary hearing demonstrated the hotel lot consisted of a single row of parking spaces located directly adjacent to the street that bordered the hotel. This lot was in clear view of the street, unobstructed by any barrier or fence. As such, Officer Shih, while on patrol in the area, could readily observe the fact that defendant's Mercedes lacked the necessary license plates and effect a traffic stop to investigate the matter. In doing so, Officer Shih could reasonably assume based on the Mercedes's location that its owner, later identified as defendant, drove the vehicle onto the lot without plates and would likely in the future drive it away in the same illegal condition. The officer's traffic stop was thus warranted to prevent this illegality from occurring. (*Doty, supra*, 165 Cal.App.3d at p. 1066; *Katz, supra*, 389 U.S. at p. 351; accord, *United States v. Dunn* (1987) 480 U.S. 294, 304 [94 L.Ed.2d 326] ["the Fourth Amendment 'has never been extended to require law

8

enforcement officers to shield their eyes when passing by a [private structure] on public thoroughfares' "].)

We similarly reject defendant's reliance on the fact that he was a passenger in the back seat at the time of the traffic stop to prove a Fourth Amendment violation. "Under *Maryland v. Wilson* (1997) 519 U.S. 408 [137 L.Ed.2d 41, 117 S.Ct. 882], an officer's authority to order a passenger to exit a vehicle during a traffic stop as a matter of course is limited to those vehicles that are 'lawfully stopped.' (*Id.* at p.410.) . . . [¶] . . . [Thus,] when there is articulable and reasonable suspicion that a motorist is unlicensed, that an automobile is not registered, or that either *the vehicle* or an occupant *is otherwise subject to seizure for violation of law*, the vehicle may be stopped and the driver detained in order to check his or her driver's license and the vehicle's registration." (*Saunders, supra*, 38 Cal.4th at pp. 1134–1135, italics added.) As already explained, Officer Shih was fully justified in making a traffic stop in this case to investigate whether defendant's Mercedes was noncompliant with the mandatory license plate requirements of Vehicle Code sections 5200 and 5202. (See *Saunders, supra*, at p. 1135 [upholding denial of the defendant/passenger's motion to suppress where the officer was justified in making a traffic stop to investigate an apparent violation of Veh. Code, § 5200].)

Lastly, because we conclude the detention was indeed lawful, we need not address defendant's secondary claim that the firearm should be excluded because there were no attenuating or intervening circumstances between the "unlawful" detention and the firearm's discovery. For the reasons stated, the denial of his motion to suppress evidence stands.

### DISPOSITION

The judgment is affirmed.

                                        Jackson, P. J.

WE CONCUR:

Simons, J.
Chou, J.